UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **GEORGE ACKEL, JR.** | **CIVIL ACTION NO. 06-0693** |
| **VS.** | **JUDGE DOHERTY** |
| **CENTER COURT INVESTMENTS, L.L.C** <br> **ABSOLUT PARTNERS, L.L.C.** | **MAGISTRATE JUDGE METHVIN** |

### RECOMMENDATION OF DISMISSAL

Plaintiff George Ackel, Jr. has failed to comply with several court orders, and failed to appear at a show cause hearing on October 16, 2007. For the reasons set forth below, the undersigned recommends that Ackel's claims be dismissed with prejudice for failure to prosecute under Rule 41(b), and for failure to comply with court orders pursuant to Rules 16(f) and 37(b)(2)(C).

*Background*

On April 25, 2006, plaintiff appearing through counsel, filed the instant action, alleging that the defendants, Center Court Investments, LLC and Absolut Partners, LLC, as owners of Center Court Shopping Center, located at 616 South Lewis Street, New Iberia, Louisiana, entered into an "Agreement to Purchase and Sell Real Property" and then breached the agreement.[1] Plaintiff seeks specific performance and damages.

On April 24, 2007, Kenneth Michael Wright, counsel of record for plaintiff, filed a motion to withdraw, citing plaintiff's failure to pay his fees except the initial retainer and on April 27, 2007, the court granted the motion [Rec. Docs. 23, 26]. Plaintiff was given until

---

[1] Rec. Doc. 1.

2

May 29, 2007 to either enroll new counsel or to notify the court that he would proceed *pro se*. On May 18, 2007 plaintiff contacted the chambers of the undersigned and stated that he had just that day received a copy of the court's ruling because Mr. Wright had failed to provide the court with his accurate zipcode.[2] Plaintiff also faxed copies of cancelled checks showing that he had made a payment to Mr. Wright in addition to the retainer. Plaintiff also sought the assistance of the court in obtaining his file from Mr. Wright which he said he requested and never received. A hearing was scheduled for June 20, 2007 at 9:30 a.m. to reconsider the previous ruling allowing Mr. Wright to withdraw as counsel [Rec. Doc. 28].

On June 15, 2007, after reconsidering the original ruling dated April 27, 2007, the undersigned entered a second order allowing withdrawal of counsel, finding that no good cause existed for any modification of the ruling allowing Mr. Wright to withdraw as counsel of record [Rec. Doc. 37].[3] The hearing was cancelled and plaintiff was ordered to have new counsel enroll or to notify the court of his intention to proceed *pro se* by July 16, 2007 [Id].

This deadline was extended by the undersigned until September 4, 2007 [Rec. Doc. 39].[4] On September 7, 2007, after plaintiff failed to comply with the order, the undersigned issued an

---

[2] Mr. Ackel stated that Mr. Wright had provided the address, 4420 Sharp Rd., Mandeville, LA 70147 and that his accurate mailing address is 4420 Sharp Rd., Mandeville, LA 70471.

[3] The undersigned found that Mr. Ackel had informed the court that he did not intend to proceed with Mr. Wright as his counsel and that Mr. Wright had complied with Local Rule 83.2.11 and other requirements for withdrawal as counsel. Mr. Wright had also confirmed that he had sent Mr. Ackel his file and had informed the court of Mr. Ackel's current address. Mr. Wright acknowledged that Mr. Ackel paid a portion of his legal fees in March 2007 but advised that it was only a fraction of the outstanding balance. [See Second Order Allowing Withdrawal of Counsel and Canceling Hearing, Rec. Doc. 37].

[4] The undersigned noted that Mr. Ackel had been allowed considerable time to enroll new counsel - approximately three months. Mr. Ackel was granted a final extension with the warning that no further extension would be granted.

3

order requiring plaintiff to show cause, in writing, why he failed to comply with the previous court orders [Rec. Doc. 40]. Plaintiff has not complied with these orders.

On September 27, 2007, the undersigned issued a second Notice of Failure to Comply and Order [Rec. Doc. 41]. This order required plaintiff to appear in open court on October 16, 2007 at 11:00 a.m. and show cause why sanctions should not be imposed for his failure to comply with the court's orders. Plaintiff was explicitly warned that "a failure to comply with this order will warrant the imposition of the sanctions authorized by F.R.CIV.P. 16(F), including possible recommendation of dismissal of this action." [Id.]. Plaintiff failed to appear at the show cause hearing.

*Legal Analysis*

Rule 16(f) provides for the imposition of sanctions for violations of scheduling and pretrial orders of the court as follows:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Under Rule 37(b)(2)(C) the district court is specifically authorized to dismiss a claim. F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th Cir.1994). Rules 16 and 37 set forth the court's discretionary power to control the expeditious disposition of docketed cases. Gayden v. Galveston County, Texas, 178 F.R.D. 134 (S.D.TX. 1998).

In addition, Fed.R.Civ.P. 41(b) authorizes dismissal of a claim with prejudice for failure to prosecute. Such dismissal may be pursuant to a defense motion or upon the court's own

4

motion. Colle v. Brazos County, Texas, 981 F.2d 237, 242-243 (5th Cir.1993), *citing* Lopez v. Aransas County Ind. Sch. Dist., 570 F.2d 541, 544 (5th Cir.1978); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). The authority for such dismissal is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190 (5th Cir.1992); Colle, 981 F.2d at 242-243. The decision of the Court must be upheld on appeal unless it can be said that the court abused its discretion. Colle, supra.

Dismissal with prejudice for failure to prosecute is an extreme sanction, to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way that leaves the court no choice but to deny the plaintiff its benefits. Berry, 975 F.2d at 1191; Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir.1982). Dismissal with prejudice is appropriate only where: (1) there is a clear record of delay or contumacious conduct by the plaintiff; and (2) the court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the court employed lesser sanctions which proved to be futile. Colle, 981 F.2d at 237. In most cases, where the Fifth Circuit affirmed dismissal with prejudice, the court found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct. Id.

As detailed above, the plaintiff has failed to comply with court orders, even after several chances to comply. The failure to prosecute, and the delay caused thereby, were due to plaintiff's inaction and were not the fault an attorney. The record shows that copies of all orders were mailed to plaintiff at his address of record and they were not returned. The court must assume that plaintiff's failure to comply with the several orders in question was an intentional act.

Repeated efforts this court to contact plaintiff regarding this litigation have been fruitless. There is nothing to indicate that plaintiff's refusal to prosecute is unintentional or accidental.

*Conclusion*

In light of the foregoing, the undersigned **RECOMMENDS** that this case be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) and for failure to comply with court orders pursuant to Rules 16(f) and 37(b)(2)(C).

*Objections*

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 18, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)