RECEIVED

DEC 1 2 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GEORGE ACKEL, JR. | CIVIL ACTION NO. 06-0693 |
| VERSUS | JUDGE DOHERTY |
| CENTER COURT INVESTMENTS, L.L.C., ET AL. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a "Recommendation of Dismissal" issued by Magistrate Judge Methvin, in which the magistrate judge recommends dismissal with prejudice of the instant case for plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and for failure to comply with court orders pursuant to Rules 16(f) and 37(b)(2)(C).[1] Plaintiff George Ackel, Jr. filed an Objection to Magistrate Judge Methvin's Report,[2] wherein plaintiff gives several reasons for failing to respond to court orders, appear in open court for a show cause hearing, and timely enroll counsel as ordered by the magistrate judge. Thereafter, defendants Center Court Investments, L.L.C. and Absolut Partners, L.L.C. filed a response to plaintiff's Objection, alleging the case should be dismissed as Magistrate Judge Methvin recommended, and further contending they have been unduly prejudiced by Mr. Ackel's failure to timely enroll counsel in this matter and timely comply with court orders.[3]

For the following reasons, this Court ADOPTS IN PART Magistrate Judge Methvin's

---

[1] Doc. 43.

[2] Doc. 45.

[3] Doc. 47.

Recommendation. The instant case will be dismissed as recommended by Magistrate Judge Methvin, but it will be dismissed WITHOUT PREJUDICE.

## 1.   Factual and Procedural Background

As set forth in the magistrate judge's Report and Recommendation, plaintiff filed the instant lawsuit on April 25, 2006 alleging the defendants, Center Court Investments, LLC and Absolut Partners, LLC, as owners of Center Court Shopping Center, entered into an "Agreement to Purchase and Sell Real Property" and then breached the agreement. Plaintiff seeks specific performance and damages. At the time plaintiff filed the instant lawsuit, he was represented by attorney Kenneth Michael Wright. The case as originally filed was assigned to Judge Richard T. Haik, Sr.

On April 24, 2007, Mr. Wright filed a motion to withdraw as plaintiff's counsel, citing plaintiff's failure to pay his fees except the initial retainer. On April 27, 2007, the magistrate judge granted the motion and gave plaintiff thirty days, or until May 29, 2007, to either enroll new counsel or to notify the court he would proceed *pro se*.[4] On May 18, 2007, plaintiff personally contacted the chambers of the magistrate judge and stated he had just that day received a copy of the ruling permitting Mr. Wright to withdraw, blaming Mr. Wright for failing to provide the court with his accurate address.[5] Plaintiff also took issue with Mr. Wright's statements that plaintiff had not paid his legal bills and faxed to the Court copies of cancelled checks showing he had made a payment to Mr. Wright in addition to the initial retainer fee. Plaintiff also sought the assistance of the court in obtaining his file from Mr. Wright, which plaintiff stated he had requested but never received.

---

[4] Docs. 23, 26.

[5] Mr. Ackel stated Mr. Wright had provided an address with an incorrect zipcode – 4420 Sharp Rd., Mandeville, LA *70147* – while his accurate mailing address is 4420 Sharp Rd., Mandeville, LA *70471*.

2

After the magistrate judge's communication with Mr. Ackel, the magistrate judge issued an order stating she would reconsider her previous ruling allowing Mr. Wright to withdraw and scheduled a hearing on June 20, 2007 to address the issue of Mr. Wright's representation of plaintiff.[6] However, on June 15, 2007, after reconsidering all the circumstances surrounding the representation issues, the magistrate judge issued an order re-affirming her ruling allowing withdrawal of counsel, finding no good cause existed for any modification of the ruling allowing Mr. Wright to withdraw as counsel of record.[7] The June 20, 2007 hearing was canceled, and plaintiff was ordered to have new counsel enroll or notify the court of his intention to proceed *pro se* no later than July 16, 2007.

By letter dated July 16, 2007, Mr. Ackel requested an additional thirty days to enroll new counsel. On August 16, 2007, noting Mr. Ackel had already been given approximately three months to enroll new counsel, but further noting the instant case had recently been reassigned to this Court and no trial date had been set, the magistrate judge granted "one, final extension" of the deadline to enroll new counsel to September 4, 2007. In that order, the magistrate judge expressly wanted that *no further extensions would be granted.*[8]

On September 7, 2007, after plaintiff failed to comply with the order to enroll counsel, the magistrate judge issued a "Notice of Failure to Comply and Order," which required plaintiff to show

---

[6] Doc. 28.

[7] Doc. 37. The undersigned found Mr. Ackel had informed the court that he did not intend to proceed with Mr. Wright as his counsel and Mr. Wright had complied with Local Rule 83.2.11 and other requirements for withdrawal as counsel. Mr. Wright had also confirmed he had sent Mr. Ackel his file and had informed the court of Mr. Ackel's current address. Mr. Wright acknowledged Mr. Ackel paid a portion of his legal fees in March 2007, but advised that it was only a fraction of the outstanding balance. [See Second Order Allowing Withdrawal of Counsel and Canceling Hearing, Rec. Doc. 37]. Based on the foregoing, the magistrate judge concluded it was proper to permit Mr. Wright to withdraw.

[8] Doc. 39.

cause, in writing, why he had failed to comply with the previous court order.[9] On September 27, 2007, after plaintiff failed to comply with the September 7, 2007 order, the magistrate judge issued a second "Notice of Failure to Comply and Order,"[10] which required that plaintiff appear in open court on October 16, 2007 at 11:00 a.m. and show cause why sanctions should not be imposed for his failure to comply with the Court's orders. In the second "Notice of Failure to Comply," plaintiff was explicitly warned that *"a failure to comply with this order will warrant the imposition of the sanctions authorized by F.R.Civ.P. 16(F), including possible recommendation of dismissal of this action."* Plaintiff failed to appear at the show cause hearing.

Thereafter, on October 18, 2007, the magistrate judge issued the instant report, recommending this case be dismissed with prejudice for plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and for failure to comply with court orders pursuant to Rules 16(f) and 37(b)(2)(C).

2.   **Legal Analysis**

Rules 16 and 37 of the Federal Rules of Civil Procedure set forth the Court's discretionary power to control the expeditious disposition of docketed cases. Rule 16(f) provides for the imposition of sanctions for violations of scheduling and pretrial orders of the court as follows:

> *If a party or party's attorney fails to obey a scheduling or pretrial order*, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

---

[9] Doc. 40.

[10] Doc. 41.

Fed.R.Civ.P. 16(f) (emphasis added).

Under Rule 37(b)(2)(C), the district court is specifically authorized to dismiss a claim. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir.1994). *Gayden v. Galveston County, Texas*, 178 F.R.D. 134 (S.D.TX. 1998). Additionally, Rule 41(b) authorizes dismissal of a claim with prejudice for failure to prosecute. Such dismissal may be pursuant to a defense motion or upon the Court's own motion. *Colle v. Brazos County, Texas*, 981 F.2d 237, 242-243 (5th Cir.1993), *citing Lopez v. Aransas County Ind. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). The authority for such dismissal is based on the Court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See, e.g., Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir.1992); *Colle*, 981 F.2d at 242-243. The decision of the Court to dismiss with prejudice must be upheld on appeal unless it can be said that the court abused its discretion. *Colle, supra.*

Dismissal with prejudice for failure to prosecute is an extreme sanction, to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way that leaves the court no choice but to deny the plaintiff its benefits. *Berry*, 975 F.2d at 1191; *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir.1982). Thus, dismissal with prejudice is appropriate only where: (1) there is a clear record of delay or contumacious conduct by the plaintiff; and (2) the court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the court employed lesser sanctions which proved to be futile. *Colle*, 981 F.2d at 237. In most cases, where the Fifth Circuit has affirmed dismissal with prejudice, the court found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct. *Id.*

The magistrate judge found plaintiff has repeatedly failed to comply with court orders, even after several chances to comply, and the failure to prosecute the instant case, and the delay caused thereby, were due to *plaintiff's* inaction and were not the fault an attorney. Finding that copies of all orders were mailed to plaintiff at his address of record and were not returned, the magistrate judge concluded plaintiff's failure to comply with the several orders in question was an intentional act. Thus, in recommending dismissal with prejudice, the magistrate judge noted "[t]here is nothing to indicate that plaintiff's refusal to prosecute is unintentional or accidental."

In his objection to the magistrate judge's report, which plaintiff filed through attorney Jefferson Moss, plaintiff alleges he did not receive the various court orders that were mailed to his residence, because for the last three months, he has been in the process of moving and did not return to the Mandeville residence during that time period. Plaintiff also alleges he did not have his mail forwarded from the Mandeville residence to his new address because the Mandeville residence had not been sold even though plaintiff had not been living there. Plaintiff states his wife had not been at the Mandeville residence recently, because she had been staying in Baton Rouge, Louisiana with her daughter who had just had a baby. Plaintiff also states he travels extensively and spends half his time in Houston, Texas. Plaintiff states he only learned of the magistrate judge's Report on November 6, 2007, when his wife went to the Mandeville residence to pick up mail. Plaintiff requests that the Court set aside the magistrate judge's report recommending dismissal.[11]

In response to plaintiff's objection, defendants Center Court Investments, L.L.C. and Absolut Partners, L.L.C. point out that approximately four months elapsed from the date the Court first

---

[11] In his Objection, plaintiff also stated that he intended file a motion to enroll Mr. Moss as his attorney. A motion to enroll was subsequently filed and was referred to the magistrate judge, who granted the motion on November 8, 2007 [Doc. 46].

6

ordered plaintiff to enroll new counsel and the date the magistrate judge recommended dismissal of this case. Defendants further argue plaintiff's arguments concerning why he did not receive the Court's two final orders are disingenuous. First, defendants aver if plaintiff received the August 16, 2007 order from the Court granting him until September 4, 2007, he failed to comply with the order because he did not notify the Court of his intentions by that date. On the other hand, defendants argue if plaintiff did *not* receive this August 16, 2007 order as he alleges, he was derelict in making a request to the Court for an extension and then not following up regarding its disposition or not providing notification to the Court by the extended deadline he himself was requesting. Defendants argue that under either scenario, plaintiff's inaction exhibits a contempt for the judicial process.

This Court agrees, and further notes that in addition to failing to comply with the magistrate judge's order to enroll counsel, *plaintiff failed to comply with two show cause orders issued by the magistrate judge*. Clearly, plaintiff was afforded a substantial amount of time to enroll new counsel. It is also clear plaintiff has had no trouble contacting the Court – either by telephone call, as he did on May 18, 2007, or by letter, as he did on July 17, 2007 – when he needed relief from a court order or an extension of time to comply. Considering the history of the case and the lengths to which the magistrate judge went to accommodate plaintiff's search for an attorney, that plaintiff would request an extension of time in July 2007 and never follow up on whether his request for extension had been granted – given his numerous communications with the Court prior to that time – is inexplicable. Furthermore, given the circumstances of this case, that neither plaintiff nor his wife would check the mail at the Mandeville residence for more than three months as alleged strains credulity. Plaintiff knew from May 18, 2007 – the date he contacted the Court to inform the Court he had not received legal mail addressed to him because of a transposed zipcode – the importance of ensuring that this

Court has a proper address for him.

Thus, after consideration of the record in this case, including the magistrate judge's report recommending dismissal with prejudice, the objections filed by plaintiff, and defendants' response to plaintiff's objections, this Court concludes the delay in this case has been occasioned by plaintiff himself and not by an attorney, and the delay caused by plaintiff has actually prejudiced the defendants. Thus, the Court concludes the instant case should be dismissed for plaintiff's failure to prosecute and for plaintiff's repeated failures to comply with court orders.

With regard to the issue of whether the case should be dismissed with or without prejudice, it appears plaintiff's conduct in failing to timely comply with court orders was intentional at worst and inadvertent at best. Nevertheless, this Court cannot know for sure where the equities lie in the instant case, because the Court cannot know for sure whether plaintiff actually received the magistrate judge's orders or not. Thus, the Court cannot say with certainty that the delays in this matter have been caused by plaintiff's intentional conduct. Noting that dismissal with prejudice is an extreme sanction, and giving every benefit of the doubt to the plaintiff, this Court concludes dismissal of the instant case should be without prejudice.

## 3. Conclusion

In consideration of the foregoing, this Court adopts the factual findings in the magistrate judge's Report Recommending Dismissal and concludes the instant case should be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and for failure to comply with court orders pursuant to Rules 16(f) and 37(b)(2)(C). However, this Court modifies

the magistrate judge's Report to conclude that dismissal of the instant case should be WITHOUT PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 12th day of December, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE